## KILA vs. KAHUHU.

### EXCEPTIONS.

HEARING, JANUARY 21, 1891.   DECISION, APRIL 17, 1891.

JUDD, C.J., McCULLY, BICKERTON, DOLE, JJ.

If a pound-keeper has not followed the statute in the acts required of him up to and including the sale, the owner of the legally impounded animal, illegally sold, can recover its full value of the pound-keeper without allowance of pound fees and expenses.

The pound-keeper delayed three days after the impounding before posting the notices. Under the statute requiring the notices to be posted "as soon as possible after the impounding," the statute was not complied with. "As soon as possible" means "within a reasonable time, with an undertaking to do it within the shortest practicable time."

OPINION OF THE COURT, BY DOLE, J.

This action was brought in the District Court of Koolaupoko, Oahu, to recover damages laid at $250.00 for the illegal acts of the defendant, as the pound-keeper of the said district, in June last, in selling two horses of the plaintiff while in the pound, not taking proper care of them, improperly increasing the expenses on them and making unjust charges against the plaintiff, in contravention of the law and the rights of the plaintiff.

The horses sold for $101. Their value by the testimony was $190. The District Justice found this latter sum in favor of the plaintiff. The defendant appealed to a Justice of this Court at Chambers, and the case was tried on the facts by Mr. Justice Dole, who found the sale was illegal, as the pound-master (defendant) did not post the statutory notices until three days after the impounding, and gave judgment for the amount the horses were sold for, not allowing pound fees or charges.

The defendant now brings his exceptions, alleging error in that :

·   (1) " The complaint cannot contain a claim for the price of the horses and damage for illegal sale. "

(2) " There is no evidence on the part of the plaintiff and it is not proved that the sale was illegal. "

Upon the first point the law is clear, that if the pound-keeper has not followed the statute in all the acts required of him up to and including the sale, the owner of a legally impounded animal, illegally sold, can recover its full value of the pound-keeper without allowance of pound fees and expenses.

In the case before us the complaint is not skillfully drawn, but it seems to us to cover sufficiently the claim for damages for an illegal sale, although there are allegations of insufficient care of the animals and improper charges. These may be treated as surplusage. The Justice, to whose judgment exception is taken, was of opinion, as above indicated, that the sale was illegal, in that as the statute required the notices to be posted " as soon as possible after the impounding," to post them the third day after the impounding was not a compliance with the law.

The decisive question in this case is whether the defendant's delay of three days before posting the notices required by law to be posted " as soon as possible after the impounding, " was within the statute. The notice referred to in the statute shall contain a full description of the estray with an announcement of the day on which it will be sold at public auction, if unclaimed, and must be posted " at the post office (if there be one in the district) and not less than two other public places " in the district ; and this must be done " as soon as possible after the impounding."

We adopt the construction of the words " as soon as possible," on the authority of *Hydraulic Eng. Co. vs. McHaffie,* 4 L. R. Q. B. Div., 673 ; " To do a thing as soon as possible means to do it within a reasonable time, with an undertaking to do it within the shortest practicable time." Winfield, in his Adjudged Words

and Phrases, defines "reasonable time" to mean "as soon as circumstances permit." (p. 519).

The defendant testified that "after three days the notices were put out." He does not say that it took him three days to post them, but "after three days they were put out." He gives no reason for the delay. So far as the Court is informed, he made no move and took no action whatever toward carrying out this statutory requirement until three days had elapsed, and then he woke up to the call of duty and proceeded to put out the notices. Was this "the shortest practicable time," or was it "as soon as circumstances permitted," the authoritative definitions of the statutory words "as soon as possible?" Clearly it was not.

The defendant stated that "notices were placed in prominent places, one at the bottom of pali, one at Chinese store, one at Heeia." There is no evidence as to the locality of the Chinese store, but as to Heeia and the foot of the pali, the distance between them by the road is no obstacle to a man living at Heeia, which is defendant's place of residence, to posting notices in both places in one day, or in one forenoon for that matter, even if he had to go afoot, which is not likely with a Hawaiian ; and if the "Chinese store" was between these localities, as is probable from the fact that in giving his testimony defendant places it between them in the sequence of his narrative, then no good reason can be easily imagined for putting off till the fourth day this important work.

In a case like this a delay of three days before acting puts on the party complained of the necessity of introducing testimony that such delay was reasonable, i.e., that the duty was performed "as soon as circumstances permitted," or "within the shortest practicable time ;" failing to do this the Court has nothing before it to show that a delay, which is *prima facie* unreasonable, is on account of some circumstance or other reasonable and necessary.

In *Commonwealth vs. Boston*, 16 Pick., 448, the city was indicted for not putting in order a new public road in South Boston, authorized by statute ; the Court held that the city hav-

ing decided that the work of completing this road and making it passable as a street should be taken up, they were bound to complete it within a reasonable time of such conclusion ; and as to reasonable time, the Court said, " if the city had intended to defend on the ground that they had proceeded and were proceeding with reasonable diligence, to make and complete this highway, and that they had not had reasonable time after passing the order to complete it, they should have set forth the facts necessary to maintain such defense that the Court might judge of them."

The statute under which a pound-master is authorized to sell estrays must be construed strictly against him. The owner of the estrays is entitled to have the law strictly carried out. The law requires that estrays that are not claimed shall be sold at auction at noon on the first Saturday ensuing after the expiration of twelve days from the time of impounding. A delay of three days, therefore, in posting the notices materially diminishes the owner's chances of being informed of the impounding of his animals and that they are liable to be sold to the highest bidder ; he is entitled to have the notices made according to law, that is, " as soon as possible," *i. e.*, " within the shortest practicable time," *i. e.*, " as soon as circumstances permit," after the impounding, for he or his friend may, passing along the road, on the second or third day, be in a position to see the notices that ought to be there, and miss seeing them, because of an unwarrantable delay in posting them, and so he be injured in his property.

We are satisfied that a delay of three days is not in accordance with the statute unless good reasons be shown for such delay, which has not been done in this case.

" It is incumbent on the defendant to show that all his proceedings have been in entire conformity with the provisions of these statutes, and any failures in this respect, being an abuse of authority given him by law, will make him a trespasser *ab initio.*" *Smith vs. Gates*, 21 Pick., 56 ; *Merrick vs. Work*, 10 Allen, 544 ; *Sherman vs. Brannan*, 13 Met., 407. We are therefore of the opinion that the sale was illegal and that the plain-

tiff is entitled to the full value of his horses at the time of sale without offset for pound fees.

Exceptions overruled.

*W. R. Castle*, for plaintiff.

*J. L. Kaulukou* and *J. A Magoon*, for defendant.