FRANK G. CORREA *v.* DAVID K. KAPIIOHO, KEAWE, PIIALII AND KALA.

APPEAL FROM DISTRICT MAGISTRATE OF MAKAWAO.

SUBMITTED APRIL 21, 1913.        DECIDED APRIL 29, 1913.

ROBERTSON, C.J., PERRY AND DE BOLT, JJ.

ANIMALS—*sufficiency of application for impounding.*

> An application for impounding twenty-seven head of cattle, wherein each animal is properly described on a printed blank, in a column intended for "a statement setting forth the number and species of estrays," which application is signed by the applicant at the bottom of the column reserved for that purpose and opposite the description of the animal last described on that page, is sufficient and a compliance with section 5 of Act 125, Laws of 1907.

EVIDENCE—*judicial notice.*

> A court takes judicial notice of the territorial extent of its own jurisdiction and of the general geographical features and sub-

divisions of the district over which its jurisdiction extends. The district court of Makawao, county of Maui, takes judicial notice of the fact that Omaopio is in the district of Makawao.

Id.—*burden of proof.*

Under section 21 of Act 125, Laws of 1907, relating to the procedure in a suit instituted to determine the validity of impounding animals, the burden is upon the party who impounds the animals to show that he has the right to impound them.

## OPINION OF THE COURT BY DE BOLT, J.

This is an appeal by the plaintiff, Frank G. Correa, on points of law from a judgment of the district magistrate of Makawao, county of Maui.

The record shows that David K. Kapiioho, one of the defendants, on February 17, 1913, had twenty-seven head of the plaintiff's cattle impounded in the Makawao pound. The plaintiff on the next day, February 18, proceeding, apparently, under the provisions of Act 125, Laws of 1907, and upon the theory that the impounding of the cattle was illegal, deposited with the district magistrate the sum of $36.90 to cover pound fees, damages and expenses claimed by the defendants as incident to the impounding, as well as costs of court, and having filed with the district magistrate his complaint against the defendants, alleging that the cattle were illegally impounded and praying for damages in the sum of $250, the cattle were thereupon returned to him by the pound master.

Summons was issued and served upon the defendants and trial was had, and from the judgment rendered this appeal was taken.

The witnesses sworn on behalf of the plaintiff were the pound master and the plaintiff himself. There was no evidence adduced by or on behalf of the defendants.

The pound master testified, in substance, that he kept a record of all proceedings relating to the pound, which record was introduced in evidence; that on February 17, 1913, between the hours of six and seven o'clock in the evening, David

K. Kapiioho impounded twenty-seven head of cattle belonging to the plaintiff; that he put one notice outside of the pound, and that was the only notice put up.

The plaintiff testified, in substance, that he resided at Omaopio, Kula; that he was a farmer and rancher; that on February 17, 1913, some of his cattle were taken from him; that Kapiioho notified him that he, Kapiioho, had taken up twenty-seven head of his cattle for trespassing and made demand upon him for sixty cents a head; that the defendants took the cattle to the Makawao pound where they were kept until the · next morning; that the cattle were poor and weak; that they traveled twelve miles in going to and in returning from Makawao; that one died; that five were left by the road side; and that he had sustained damages in the sum of $250.

The magistrate found that the impounding was legal and rendered judgment in favor of the defendants, and ordered the plaintiff to pay all trespass fees, pound fees, driving expenses, and costs of court,—a total of $35.90.

The points of law upon which the appeal is prosecuted are as follows: (1) That in the application for impounding the cattle, David K. Kapiioho, the person wishing to have them impounded, did not sign his name to a statement setting forth the number and species of estrays; (2) that the locality trespassed upon by the cattle was not named as required by law; (3) that written or printed notices were not posted by the pound master as required by section 8 of Act 125, Laws of 1907; (4) that there is no evidence showing or tending to show that the cattle trespassed upon the land of the defendants; (5) that there is no evidence showing or tending to show that the cattle were estrays under the law; (6) that there is no evidence showing or tending to show that the defendants were authorized to take up estrays on government land.

The points of law above mentioned will be considered in the order named. ·

1. Application for impounding. The pound master's record kept pursuant to section 5 of the statute, consists of printed blanks bound in book form, each page being divided into columns of proper width by perpendicular lines with an appropriate heading to each column according to the statement to be entered therein. In the column intended for "a statement setting forth the number and species of estrays" is a proper description of each animal impounded. David K. Kapiioho, who impounded the cattle, instead of signing his name opposite the description of each animal,—thus signing his name twenty-seven times as the plaintiff contends he should have done—only signed once, i. e., at the bottom of the column reserved for the signature of the person impounding estrays and opposite the description of the animal last described on that page. This was sufficient. The purpose and intent of the person thus signing is clear. He obviously intended to and did sign "a statement setting forth the number and species of estrays." The statutory requirement in this respect was, therefore, complied with.

2. As to the locality. The locality named in the statement where the trespass is claimed to have occurred is Omaopio. The plaintiff contends that this was not sufficient, but that the pound master's record should have shown affirmatively that Omaopio was in the district of Makawao. The district magistrate held, however, that the court took judicial notice of the fact that Omaopio was in the district of Makawao. This, we think, was correct. Moreover, the plaintiff does not contend nor undertake to point out that Omaopio is not in the district of Makawao.

It is a familiar rule that a court takes judicial notice of the territorial extent of its own jurisdiction and of the general geographical features and subdivisions of the district over which its jurisdiction extends. 1 Greenl. Ev. §6; 4 Wig. Ev. §2575 and note 1; 1 Jones Ev. §§107, 127, 128.

3.  As to the posting of notices by the pound master. This requirement can have no possible application to the facts of this case as disclosed by the record before us. The statutory notices required by section 8 of the statute are essential only in contemplation of a sale by the pound master of the animals impounded. A strict compliance with the statute by the pound master in this regard is, of course, indispensable to the validity of a sale by him. *Kila* v. *Kahuhu,* 8 Haw. 212. In the case at bar, however, there was no sale, or occasion for any sale, as the plaintiff took his cattle away the next morning after they had been impounded. He was in no way injured by any act or failure of duty on the part of the pound master and he has no cause of complaint against him.

4.  The fourth point is abandoned.

5.  Estrays under the law. Section 7 of the statute reads: "If any horse, mule, ass, hog, sheep, goat or neat cattle shall be found at large, and not upon the land of the owner, or person having charge of such animal; or if found doing damage to the property of private individuals, or of the government, such animal shall be regarded as an estray within the meaning of this Act."

In our opinion the fifth point is well taken. The record does not disclose any evidence tending to show that the cattle in question were "found at large, and not upon the land of the owner, or person having charge of such animals;" or that they were "found doing damage to the property of private individuals, or of the government." It was incumbent on the defendants to show that the cattle were estrays under the law, as defined by section 7 above quoted. This, they failed to do. The plaintiff should not be required to show the negative of this question, namely, that the cattle were not estrays.

6.  Estrays on government road and government land. Section 15 of the statute, so far as it is applicable to this case, reads: "If any animal mentioned in section 12" (any cattle,

horse, mule, ass, swine, sheep or goat) "shall trespass or stray * * * upon any government land, in this Territory, any police, constable or such person or persons as may be thereunto authorized in writing by the Board of Supervisors of the County, are hereby authorized to take up such animal and to impound the same in accordance with the provisions of this Act."

The record fails to show any evidence whatsoever that the plaintiff's cattle did "trespass or stray upon any government road * * * or upon any government land," or that they were trespassing at all, or that the defendants were "authorized to take up such animals and impound the same." It follows, therefore, that the defendants were not entitled to judgment.

7. Counsel for the defendants contend that the burden was on the plaintiff to show that the impounding was illegal. In this connection it may be well to observe that section 21 of the statute contemplates a summary and informal proceeding, in which, we hold, the burden is upon the party who impounds the animals to show that he has the right to impound them.

8. The plaintiff in instituting this proceeding, in addition to contesting the legality of the impounding of his cattle, also sought thereby, as we have already observed, to recover damages as in a common law action. In this respect, he was mistaken. The statute now before us does not contemplate an action of that character.

The judgment is reversed and the cause remanded to the district magistrate for further proceedings therein not inconsistent with this opinion.

*D. H. Case* and *Enos Vincent* for plaintiff.
*Douthitt* & *Coke* for defendants.